UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
SHAMEZA ALLY SINGH,

                        Plaintiff,

        - against -

COMMISSIONER OF SOCIAL
SECURITY,

                        Defendant.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

20-cv-1536 (BMC)

**COGAN**, District Judge.

      Plaintiff seeks review of the decision of the Commissioner of Social Security, following a hearing before an Administrative Law Judge, that she is not disabled for purposes of receiving disability insurance benefits under the Social Security Act. The ALJ found that plaintiff suffered from several severe impairments but still had the residual functional capacity to perform light work with restrictions. Plaintiff raises four points of error: (1) that the ALJ failed to develop the record in light of her *pro se* status in the administrative proceeding; (2) that new evidence she presented to the Appeals Council required remand; (3) that the ALJ did not properly evaluate her subjective testimony; and (4) that the ALJ was not properly appointed under the Appointments Clause of Article II of the Constitution. The fourth point now requires remand.

      When the parties submitted briefing, all agreed that the ALJ was not properly appointed. The contested question was whether plaintiff had forfeited her argument by failing to raise it in the administrative proceedings. While the case was pending, the Supreme Court provided an answer. In Carr v. Saul, 141 S. Ct. 1352, 1356 (2021), the Court held that social security plaintiffs do not forfeit Appointments Clause challenges by failing to make them first to an ALJ.

I ordered the parties to show cause why the case should not be remanded in light of Carr. Plaintiff believed that the case fell squarely within its holding. The Commissioner offered a more reticent response. He reported that he was "working on a coordinated response" and would "advise the Court of [his] position on the impact of the Supreme Court's decision in a separate filing." A week has passed, and no filing has been made, nor has the Commissioner offered a timetable for when he will advise the Court of his position. In sum, the Commissioner has offered no reason to doubt that Carr controls this case.

I see no reason to conclude otherwise. In Carr, the Supreme Court rejected some of the same arguments that the Commissioner put forth in this case. See id. at 1360–62. The Court even reversed two of the cases on which the Commissioner relied. See id. at 1362, rev'g Davis v. Saul, 963 F.3d 790 (8th Cir. 2020), and Carr v. Comm'r, 961 F.3d 1267 (10th Cir. 2020). I thus conclude that the Commissioner's decision cannot survive Carr.

The remedy is a new hearing and a *de novo* decision from a different, properly appointed ALJ. See Streich v. Saul, No. 20-1159, 2021 WL 1782555, at *1 (2d Cir. May 5, 2021) (citing Lucia v. SEC, 138 S. Ct. 2044, 2055 (2018)). That new hearing moots plaintiff's second and third points of error. It also removes the need to address the first. That issue may not even arise on remand, as the new ALJ will be assessing a different record, the ALJ may still see a need to develop the record, and plaintiff has stated that she will be represented by counsel who will assist in developing the record. Accordingly, plaintiff has not urged me to reach that issue in her response to the order to show cause; she only requested a remand. The case is therefore remanded based solely on the Appointments Clause issue. See id. (remanding without addressing the plaintiff's remaining arguments on the merits).

Plaintiff's motion for judgment on the pleadings [14] is granted, and the Commissioner's cross-motion for judgment on the pleadings [18] is denied. The case is remanded for a new hearing pursuant to the fourth sentence of 42 U.S.C. § 405(g).

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       May 10, 2021